IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID N. TERHUNE | : | |
|     Plaintiff | : | Civil Action |
| v. | : | |
| APPLIED EXTRUSION | : | No. 06-360-KAJ |
|     TECHNOLOGIES, INC. | : | |
| and | : | |
| JACKSON CRAIG | : | |
| and | : | |
| TERRY SMITH | : | |

**MOTION OF PLAINTIFF DAVID TERHUNE FOR**
**THE PAYMENT OF LEGAL FEES AND COSTS OF LITIGATION**

Based upon rights assured by Plaintiff David Terhune's ("Terhune") Employment Agreement, Plaintiff requests that Applied Extrusion Technologies ("AET") pay, upon receipt of presentation of itemized bills all reasonable counsel fees and costs of litigation incurred and to be incurred as a result of the present action and states in support thereof as follows:

    1.    Since 1994, Plaintiff has served in the capacities of Chief Financial Officer ("CFO") (1994-95), Chief Operating Officer ("COO") (1996-2001), President and COO (2002-2004) and President and CEO (2005-2006) of AET.

1

2. On March 8, 2005, Plaintiff and Defendant AET entered into an Employment Agreement (the "Agreement") for good and valuable consideration, the term of which assured Plaintiff that he would be employed as the Company's Chief Executive Officer and President through at least December 31, 2006. A copy of that agreement is attached as Exhibit "A".

2. Section 4(e) of the Agreement provided for severance benefits if Plaintiff was terminated by AET without cause. Specifically, AET was required to provide Plaintiff with the following benefits: "any unpaid Base Salary and benefits accrued through the Termination Date," "a lump sum payment <u>within 60 days</u> after the Termination Date,...any previously awarded but unpaid Bonus" and continued participation in the benefit plans he enjoyed while employed.

3. On February 7, 2006, Plaintiff's employment with AET was terminated without cause.

4. On or about April 11, 2006, AET transmitted a calculation of the benefits owed under Section 4(e) of the Agreement in the amount of $925,426.67.

5. To date, contrary to the express terms of the Agreement, no severance benefit payments to Terhune have been made.

6. As a result, in an effort to seek payment of the benefits owed to him under the Agreement, Plaintiff filed a complaint alleging violation of ERISA, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Delaware Wage Payment and Collection Law, fraud in the inducement, and libel and slander.

55463 v1

7.	Pursuant to Section 12(b) of the Agreement entitled "Legal Fees", "the Employer shall pay or reimburse Executive...for all costs and expenses (Including, without limitation, court costs and reasonable legal fees and expenses incurred by Executive) as a result of any claim, action or proceeding arising solely out of any claim by Executive that Employer wrongfully failed to make termination payments due under Sections 4(e) or (f) of this Agreement when due." *See* Employment Agreement attached as Exhibit "A" at Section 12(b). By the clear meaning of its stated terms that provision did not premise the payment of those fees and costs on the successful conclusion of any litigation instituted in that regard, but made such reimbursement mandatorily payable on the initiation of the Executive's claim of wrongful non-payment.

8.	As a direct result of the initiation and continuance of the present action, Terhune has, and will continue, to incur attorney fees and costs in this action that arise out of his termination without cause as CEO of AET.

WHEREFORE, Plaintiff David Terhune respectfully requests that this Court enter an Order requiring the payment by Defendant AET of all counsel fees and costs of litigation paid or incurred by him in connection with this proceeding contemporaneous with the incurrence or payment of those obligations.

55463 v1

Respectfully Submitted,

<u>/s/ James S. Green, Sr.</u>
James S. Green, Sr., Esq. (DE Bar No. 481)
Seitz, VanOgtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899

And

Alan B. Epstein, Esquire
[Admitted *Pro Hace Vice*]
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, Seventh Floor
Philadelphia, PA 19103

Attorneys for Plaintiff
David N. Terhune

Dated:  August 16, 2006

4

55463 v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2006, a true and correct copy of Plaintiff's Motion for Payment of Legal Fees and Litigation Expenses and the accompanying Memorandum of Law was served via electronic service and first-class mail, postage prepaid on the following:

>Wendy K. Voss, Esquire
>David E. Moore, Esquire
>Potter Anderson & Corroon, L.L.P.
>1313 North Market Street
>P.O. Box 951
>Wilmington, Delaware 19899-0951
>
>Counsel for Defendants

/s/ James S. Green, Sr.,
James S. Green, Sr., Esq. (DE 0481)

55463 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID N. TERHUNE<br>　　　Plaintiff<br><br>v.<br><br>APPLIED EXTRUSION<br>　　　TECHNOLOGIES, INC.<br><br>and<br><br>JACKSON CRAIG<br><br>and<br><br>TERRY SMITH | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action<br><br><br>No. 06-360-KAJ |

## ORDER

AND NOW, this ___ day of August, 2006, it is hereby

**ORDERED** and **DECREED** that Plaintiff's Motion for Payment of Legal Fees and Costs of Litigation is **GRANTED** and Defendant is **ORDERED** to pay within ten (10) days of receipt all bills for fees and costs of Plaintiff's counsel associated with the above captioned matter.

　　　　　　　　　　　　　　　　By the Court:

　　　　　　　　　　　　　　　　_____

281271-1