IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID N. TERHUNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-360-KAJ |
| | ) | |
| APPLIED EXTRUSION TECHNOLOGIES, INC., JACKSON CRAIG and TERRY SMITH, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS APPLIED EXTRUSION TECHNOLOGIES, INC.,
JACKSON CRAIG AND TERRY SMITH'S MEMORANDUM IN SUPPORT OF
THEIR OPPOSITION TO PLAINTIFF DAVID TERHUNE'S MOTION FOR THE
PAYMENT OF LEGAL FEES AND COSTS OF LITIGATION**

OF COUNSEL:

Anthony D. Rizzotti
Christopher J. Powell
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: August 30, 2006
748181 / 22036-002

Wendy K. Voss (#3142)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P. O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
wvoss@potteranderson.com
dmoore@potteranderson.com

Attorneys for Defendants
Applied Extrusion Technologies, Inc.,
Jackson Craig and Terry Smith

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

FACTS .....................................................................................................................................1

ARGUMENT ...........................................................................................................................2

    I.    Plaintiff's Lawsuit is Not Eligible for Immediate,
        Ongoing Reimbursement of Legal Fees Under the Agreement ..................2

    II.   Plaintiff's Motion Is Not Brought In Good Faith. ......................................5

    III.  To The Extent The Court Is Not Inclined To Deny This Motion
        Outright, The Court Should Rule on The Defendants' Motion
        To Dismiss Before Ruling On This Motion. ..............................................5

CONCLUSION .......................................................................................................................6

-i-

# TABLE OF AUTHORITIES

## CASES

*E.I. du Pont de Nemours & Co. v. Shell Oil Co.*,
    498 A.2d 1108 (Del. 1985) ................................................................................4

## COURT RULES

Fed. R. Civ. P. 2 and 18 ................................................................................................4

## INTRODUCTION

Defendants Applied Extrusion Technologies, Inc. ("AET"), Jackson Craig and Terry Smith (collectively, "Defendants") have moved to dismiss Plaintiff David N. Terhune's ("Terhune" or "Plaintiff") Complaint alleging various causes of action arising out of the termination of Terhune's employment, including claims for termination payments under the Employment Agreement between Terhune and AET, which is attached to the Complaint as Exhibit A (the "Agreement"). (Compl. ¶ 14.) Terhune also claims damages for another alleged contractual breach, for fraud in the inducement related to the signing of the Agreement, for libel and for slander. (Compl. Counts I, II, V and VI.)

Following the close of briefing on Defendants' motion to dismiss, and without previously discussing the matter with Defendants, Terhune submitted his Motion For The Payment of Legal Fees and Costs of Litigation. Defendants oppose this motion, and briefly state their reasons herein.

## FACTS

Section 12 of the Agreement sets forth the parties' intentions concerning the payment of legal fees in the event of litigation between AET and Terhune. That section reads in its entirety:

> (a) In the event of litigation concerning the interpretation or application of any provision of this Agreement or concerning any other issue arising out of the Executive's employment, the court or other tribunal deciding the dispute shall have the authority to direct the party that does not prevail to pay the reasonable attorney fees of the prevailing party.
>
> (b) Notwithstanding the provisions of section 12(a), the Employer shall pay or reimburse Executive on an after-tax basis for all costs and expenses (including, without

> limitation, court costs and reasonable legal fees and expenses incurred by the Executive) as a result of any claim, action or proceeding arising solely out of any claim by the Executive that Employer wrongfully failed to make termination payments due under Sections 4(e) or 4(f) of this Agreement when due. Such payments or reimbursements shall be made promptly following receipt by the Employer of request [sic] by Executive for such payment or reimbursement, including an invoice detailing any such legal fees and expenses. Requests for payment or reimbursement may be delivered no more frequently than monthly. Notwithstanding the foregoing, the Executive shall reimburse the Employer for any fees or expenses previously paid or reimbursed by Employer in connection with a dispute if the relevant trier-of-fact determines that Executives claim for termination payments under Section 4(e) or (f) was not brought or asserted in good faith.

(Agreement, Section 12.)

Prior to serving and filing the instant Motion, Plaintiff never submitted a request for reimbursement with a detailed invoice as required by Section 12(b).

## ARGUMENT

**I. PLAINTIFF'S LAWSUIT IS NOT ELIGIBLE FOR IMMEDIATE, ONGOING REIMBURSEMENT OF LEGAL FEES UNDER THE AGREEMENT.**

To the extent Terhune may ever be entitled to any reimbursement for his legal fees in connection with this lawsuit, such entitlement will arise only under Section 12(a) of the Agreement. That section grants this Court authority to award reasonable attorneys fees to the prevailing party. Thus, if Terhune ultimately prevails in this action, the Court might exercise its discretion under Section 12(a). However, that day has not arrived.

Terhune's claim that Section 12(b) requires AET immediately to begin paying his ongoing legal fees and expenses fails because this lawsuit is not "a claim, action or proceeding arising solely out of [a] claim by [Terhune] that [AET] wrongfully failed to make termination payments due under Sections 4(e) or 4(f) of [the Agreement]."

-2-

(Agreement Section 12(b).) As is clear from the face of the Complaint, Terhune makes numerous claims unrelated to the termination payments provided for under Section 4(e) of the Agreement, governing termination without cause. Terhune's contractual claims concern not only the non-payment of Section 4(e) termination payments, but also the non-establishment of an equity incentive plan contemplated by Section 3(b)(ii) of the Agreement. (Compl. ¶¶ 23, 26.) Further, he claims damages for fraud in the inducement related to signing the Agreement, and for libel and slander (Compl. Counts V and VI), matters not only outside Section 4(e), but also outside the four corners of the Agreement.

Section 12 is unambiguous and must be enforced as written. Section 12(a) provides the general agreement of the parties that the Court shall have discretion to award attorney's fees to the prevailing party in a lawsuit concerning the interpretation or application of the Agreement, or any other issue arising out of Terhune's employment. Section 12(b) provides a narrow exception where the "claim, action or proceeding" arises "solely" out of a claim for termination payments under Section 4(e) or (f). The parties' choice of words is clear: an action or proceeding is only covered by Section 12(b) if it arises <u>solely</u> out of a claim for termination payments, which this lawsuit does not. Because the language of Section 12 is unambiguous, the Court must enforce it as written and deny Terhune's motion.

Any argument that the Agreement entitles Terhune to separate, ongoing reimbursement of those fees and costs associated with his claims under Section 4(e) should be rejected. The Agreement does not provide for separate reimbursement of one claim among several in a lawsuit. If the parties had intended such separate reimbursement, they could have drafted Section 12(b) to apply under such circumstances.

They did not. They chose to draft the Agreement to limit 12(b) reimbursement to "claim[s], action[s] or proceeding[s]" arising solely out of any claim . . . [for] termination payments due under Sections 4(e) or (f) . . . ."[1]

In construing an agreement, the "basic rule of construction gives priority to the intention of the parties." *E.I. du Pont de Nemours & Co. v Shell Oil Co.*, 498 A.2d 1108, 1113 (Del. 1985). Moreover, "the meaning which arises from a particular portion of an agreement cannot control the meaning of the entire agreement where such inference runs counter to the agreement's overall scheme or plan. *Id.* Here, the parties contemplated termination payments to Terhune in exchange for his full release of claims against the Company. To construe Section 12(b) to require AET to pay or reimburse Terhune's legal fees when he has failed to provide such a release, and in addition has brought additional claims against the Company, clearly would be contrary to the overall scheme of the agreement. By their choice of words, the parties plainly wanted the 12(b) exception to apply only to claims for termination payments brought alone, not to cases like this.

Finally, even if Terhune were due payments under Section 12(b), he has not complied with its requirements. Section 12(b) requires him to submit to AET a request for reimbursement along with an invoice detailing the claimed legal fees and expenses. Unsurprisingly, he has done neither. Thus, this motion is at best premature and should be denied.

---

[1] It is worth noting that under the Federal Rules of Civil Procedure, this proceeding is a single "action" with multiple joined "claims," Fed. R. Civ. P. 2 and 18, of which only some relate to termination payments.

## II. PLAINTIFF'S MOTION IS NOT BROUGHT IN GOOD FAITH.

On top of the defects noted above, this claim for attorneys fees and costs is not made in good faith. As Defendants have pointed out repeatedly, the only barrier between Terhune and his contractual termination payments is his failure to execute a mutually agreeable release of claims as required by Section 4(k). Having refused to complete the condition precedent to his receiving termination payments, he cannot now in good faith claim that he is due ongoing reimbursement for his legal fees and costs under the Agreement.

Terhune is attempting to misuse Section 12(b). The parties' obvious purpose in drafting Section 12(b) was to discourage the Company from failing to pay termination payments when due by forcing it to pay ongoing legal fees and costs if it did so. Since it is easy to determine when termination payments are due under the Agreement – they are due when termination is "without cause" or "for good reason" and Terhune executes a general release – the parties obviously intended to discourage what would amount to a bad-faith refusal to pay. What they did not intend to do was to allow Terhune to refuse to execute a general release, bring a wide variety of claims against the Company, then use the presence of claims for termination payments which are not due to extract ongoing reimbursement of fees and costs from the Company.

## III. TO THE EXTENT THE COURT IS NOT INCLINED TO DENY THIS MOTION OUTRIGHT, THE COURT SHOULD RULE ON THE DEFENDANTS' MOTION TO DISMISS BEFORE RULING ON THIS MOTION.

Defendants' motion to dismiss is currently pending before the Court. If the Court grants that motion, as it should, then this lawsuit will no longer be before the Court. The parties can then attempt to resolve this dispute amongst themselves, according to the

terms of the Agreement, or Terhune can re-file in Delaware state court. Resolution of this motion before ruling on the motion to dismiss would thus be an unnecessary use of the Court's resources to resolve an issue more properly left to the state court that may hear this matter at a later time. Accordingly, the Court should defer ruling on the instant motion until it has decided Defendants' motion to dismiss.

## CONCLUSION

For all the foregoing reasons, Defendants AET, Inc., Jackson Craig and Terry Smith respectfully request that the Court (a) dismiss Terhune's Motion For The Payment of Legal Fees And The Cost Of Litigation, or, in the alternative, (b) delay ruling on this Motion until after it has ruled on Defendants' Motion to Dismiss.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Anthony D. Rizzotti
Christopher J. Powell
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: August 30, 2006
748181 / 22036-002

By: */s/ David E. Moore*
Wendy K. Voss (#3142)
David E. Moore (#3983)
Hercules Plaza, Sixth Floor
1313 North Market Street
P. O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
wvoss@potteranderson.com
dmoore@potteranderson.com

Attorneys for Defendants
Applied Extrusion Technologies, Inc.,
Jackson Craig and Terry Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 30, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

James S. Green, Esq.
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware 19899

I hereby certify that on August 30, 2006, I have Electronically Mailed the documents to the following:

Alan B. Epstein
Spector Gadon & Rosen, P.C.
1635 Market Street, Seventh Floor
Philadelphia, PA 19103
aepstein@lawsgr.com

/s/ David E. Moore
Wendy K. Voss (#2874)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
wvoss@potteranderson.com
dmoore@potteranderson.com

739635